**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**DANIEL ANTHONY WEYMOUTH,**
    **Petitioner**

**v.**                                                    **Civil Action No. 2:04cv603**
                                                         **Criminal Action No. 2:03cr82**

**UNITED STATES OF AMERICA,**
    **Respondent.**

<u>**ORDER AND OPINION**</u>

On June 15, 2005, this court issued an Order and Opinion denying Daniel Anthony

Weymouth's petition for writ of habeas corpus pursuant to Title 28, United States Code Section

2255. On June 25, 2005, petitioner filed a Motion to Reconsider, pursuant to FED. R. CIV. P.

59(e). The motion is timely within the requirements of Rule 59. Weymouth alleges that, in

denying his § 2255 petition, this court erred in raising the affirmative defense of procedural

default *sua sponte* without first giving him notice and permitting him to respond. For the reasons

set forth below, petitioner's Motion to Reconsider is **DENIED**.


**I.      Standard of Review**

Federal Rule of Civil Procedure 59(e) allows an aggrieved party to file a motion to alter

or amend a judgment. The Fourth Circuit Court of Appeals has recognized three grounds for

amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2)

to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent

manifest injustice." <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1081 (4th Cir. 1993) (internal citations

omitted).  In this case, the petitioner presumably desires the court to amend its order based on the

third category, as there has been no change in controlling law nor new evidence introduced.  In

addressing petitioner's claim, the court is mindful that, "[a] Rule 59(e) motion is not intended to

allow for reargument of the very issues that the court has previously decided."  Delong v.

Thompson, 790 F.Supp. 594, 618 (E.D. Va. 1991).

      In ruling on a habeas corpus petition, a district court may raise *sua sponte* any affirmative

defense that the government failed to raise in its pleading.  Yeats v. Angelone, 166 F.3d 255,

261-62 (4th Cir. 1999).  Yet, in many contexts, if a court decides a claim based on an affirmative

defense that the government has failed to raise in its response, the court is required to give a *pro*

*se* petitioner notice and opportunity to respond to the application of the doctrine.  See Hill v.

Braxton, 277 F.3d 701, 706 (4th Cir. 2002); accord Oakes v. United States, 400 F.3d 92, 98 (1st

Cir. 2005).

## II.     Analysis

      Petitioner alleges that this court, in ruling on his § 2255 petition, based the denial of two

of his claims on the doctrine of procedural default.  Plaintiff does not indicate which two claims

were allegedly denied as a result of procedural default, and in fact, the doctrine was only applied

to discussion of one of petitioner's claims: that the United States had breached the plea

agreement with him by adducing testimony from him at his sentencing which increased the

amount of drug weight attributable to him.  However, the denial of that claim was based not on

the application of the doctrine of procedural default, but on its complete lack of merit.  This court

was clear in its analysis that petitioner's claim was without merit, as the drug weight attributed to

him at sentencing was in fact *reduced* as a result of post-guilty plea statements he made.  That petitioner had failed to raise this issue on appeal was simply mentioned as another barrier for him to overcome in succeeding on the claim in a § 2255 petition.  If this court's opinion denying petitioner's claim of breach of plea agreement was not based clearly enough upon the rejection of the merits of the claim, then it is now being stated with utmost clarity that petitioner's claim that the United States breached the plea agreement with him was denied because it had no basis in fact, not because it had been procedurally defaulted.  Even had petitioner properly preserved this claim by appealing it, this court would still have denied him relief.

Even assuming, *arguendo*, that this court did base its denial of petitioner's claim on the fact that it was in procedural default, petitioner is incorrect in alleging that this court raised the issue of procedural default *sua sponte*.  In fact, the United States' response to petitioner's original § 2255 petition clearly states, "if the petitioner could have raised the errors on appeal, but did not, the petitioner must demonstrate sufficient cause for the failure to appeal."  United States' Response to Petitioner's Motion (Doc. No. 24).  Although the United States did not include the magic words "procedural default," it is clear that this portion of its response was intended to raise the doctrine of procedural default.  The case cited by the United States in support of this proposition, Scott v. United States, 997 F.2d 340, (7th Cir. 1993), makes this even more clear.  In Scott, the Seventh Circuit rejected a prisoner's habeas corpus petition on the grounds that he had failed to raise the issue at the appropriate time on appeal.  This is in fact the doctrine of procedural default which was set out by the Supreme Court in United States v. Frady, 456 U.S. 152, 167 (1981).  Petitioner's claim, therefore, that this court raised the issue *sua sponte*, is contradicted by the facts.

3

Petitioner cannot demonstrate that any of the claims in his § 2255 petition were denied on the basis of procedural default. He cannot prove that the government did not first raise the issue of procedural default in its response to his petition. Petitioner's motion to reconsider is therefore denied.

## V.      Conclusion

For the reasons discussed above, petitioner's Motion to Reconsider is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner and to United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510 .

The petitioner has already been advised of his right to appeal the denial of his § 2255 petition. To reiterate, the petitioner is **ADVISED** that he may appeal from the final Order denying his petition by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of the Order denying his petition.

It is so **ORDERED**.

_____/s/_____

Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

July 8, 2005
Norfolk, Virginia