**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**DANIEL ANTHONY WEYMOUTH,**
**Petitioner**

**v.** **Civil Action No. 2:04cv603**
**Criminal Action No. 2:03cr82**

**UNITED STATES OF AMERICA,**
**Respondent.**

**ORDER AND OPINION**

Currently before the court are petitioner's motion for relief from judgment filed pursuant to FED. R. CIV. P. 60(b), an application for a certificate of appealability, and an application for in forma pauperis status on appeal. For the reasons set forth below, petitioner's motion to reconsider is **DENIED**, petitioner's request for a certificate of appealability is **DENIED**, and petitioner's application to proceed in forma pauperis for the purpose of appeal is **GRANTED**.

On June 15, 2005, this court issued an order and opinion denying Daniel Anthony Weymouth's petition for writ of habeas corpus pursuant to Title 28, United States Code Section 2255. On June 25, 2005, petitioner filed a Motion to Reconsider, pursuant to FED. R. CIV. P. 59(e) and on July 8, 2005 this court issued an order and opinion denying such motion. On July 22, 2005 petitioner filed a timely motion to reconsider, pursuant to FED. R. CIV. P. 60(b). Weymouth's Rule 60(b) petition alleges that, in denying his § 2255 petition, this court erred by raising the affirmative defense of procedural default sua sponte without first giving him notice and permitting him to respond.

Because the factual and procedural history are extensive, this court incorporates sections I and II of this court's previous order of June 15, 2005. Furthermore, the court relies on and incorporates herein the reasoning in its order dated July 8, 2005 in evaluating the present motion to reconsider, as the grounds the petitioner raises in support of reconsideration are similar, if not identical, to those raised in his June 25, 2005 petition.

**I. Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to 18 U.S.C. § 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). A successive 2255 motion must be certified by the Court of Appeals before a successive application is filed in district court. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A). "In order for these limitations to be effective, courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding based on a number of reasons, including mistake, newly discovered evidence, fraud, etc. See FED. R. CIV. P. 60(b). However, the Fourth Circuit has instructed that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation

of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Winestock, 340 F.3d at 206 (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)). The Fourth Circuit, in Winestock, further instructed that not all Rule 60(b) motions are to be treated as successive applications, rather the treatment of the motion depends on the nature of the claims presented. See id. at 207.

Here, petitioner does not attack his sentence but rather alleges a defect in the review process, namely that this court erred in dismissing two of petitioner's § 2255 claims based on a sua sponte application of procedural default standards.[1] Thus, although petitioner has already filed a § 2255 motion and a motion under Fed. R. Civ. P. 59(e), petitioner's current motion under Fed. R. Civ. P. 60(b) is properly filed and warrants consideration by this court.

## II. Analysis

### A. Petitioner's Rule 60(b) motion.

As in his Rule 59(e) motion, petitioner's Rule 60(b) motion alleges that this court was in error when it dismissed two of his § 2255 claims based on the court's sua sponte finding of procedural default. This court's opinion and order dated July 8, 2005 squarely addressed and denied that this court was in error in relation to petitioner's claim that the United States breached the plea agreement. This court declines to comment further on the explanation clearly presented

---

[1] As this court noted in its order and opinion of July 8, 2005, "a district court may raise *sua sponte* any affirmative defense that the government failed to raise in its pleading," however, if the court does so "in many contexts . . . the court is required to give a *pro se* petitioner notice and opportunity to respond to the application of the doctrine." July 8, 2005 Order and Opinion, p.2.

in that order and incorporates the reasoning and ruling.[2]

Petitioner's Rule 60(b) motion clarified that petitioner also alleges that this court erroneously dismissed petitioner's ineffective assistance of counsel claim based on procedural default raised sua sponte by this court. Petitioner, however, misinterpreted the justification for this court's dismissal of his § 2255 ineffective assistance of counsel claim. The court now repeats that petitioner's ineffective assistance of counsel claim was denied because the petitioner failed to meet either requirement set forth in Strickland v. Washington, 466 U.S. 668, 687-91 (1984), not because the petitioner was in procedural default.[3]

Procedural default is neither a constitutional nor statutory requirement but is rather a judicial doctrine applied in order to respect the finality of judgments and to conserve judicial resources. Massaro v. United States, 538 U.S. 500, 504 (2003). Normally, claims brought by collateral attack, such as claims brought under § 2255, that were not preserved at trial or raised on appeal require a petitioner to show "cause and actual prejudice." United States v. Frady, 456

---

[2] "[I]t is now being stated with utmost clarity that petitioner's claim that the United States breached the plea agreement with him was denied because it had no basis it fact, not because it had been procedurally defaulted. Even had petitioner properly preserved this claim by appealing it, this court would still have denied him relief" July 8, 2005 Order and Opinion, p.3. "Even assuming, arguendo, that this court did base its denial of petitioner's claim on the fact that it was in procedural default, petitioner is incorrect in alleging that this court raised the issue of procedural default sua sponte. . . . Although the United States did not include the magic words 'procedural default' it is clear that [a] portion of its response was intended to raise the doctrine of procedural default." Id.

[3] In its order dated July 8, 2005, this court inadvertently referred to procedural default in reference to petitioner's claim for ineffective assistance of counsel. However, looking to the discussion and analysis both before and after this reference, it is clear that the court properly applied the Strickland test. To ensure clarity, in the discussion that follows, the court now reiterates that petitioner failed to establish either prong of Strickland and therefore, his ineffective assistance claim is denied.

U.S. 152, 167-68 (1982). However, the Fourth Circuit Court of Appeals and United States Supreme Court have held that a claim alleging ineffective assistance of counsel may be properly brought in a section 2255 motion without meeting the Frady "cause and actual prejudice" test. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991); Massaro, 538 U.S. at 504. Rather, ineffective assistance claims are often times more appropriately considered in the context of a § 2255 motion after "there has been an opportunity fully to develop the factual predicate for the claim." Massaro, 538 U.S. at 504. However, when raised in a § 2255 motion, a petitioner must still meet the test established in Strickland.

In Strickland, the United States Supreme Court established that in order to succeed in a claim for ineffective assistance of counsel a defendant must prove both (1) that his attorney's conduct fell below an objective standard of reasonableness, and (2) that the attorney's deficient performance caused him prejudice. Strickland, 466 U.S. at 687. In the order denying petitioner's § 2255 claims dated June 15, 2005, this court stated that the performance of petitioner's counsel "falls within the wide range of reasonably professional conduct that Strickland permits, and therefore petitioner has failed to meet the performance prong of Strickland." June 15, 2005 Order and Opinion, p.10. Although failing one prong of the Strickland test is all that is required to dismiss a claim, this court also held: "Petitioner therefore has not met the prejudice prong of the Strickland test . . . ." Id. at p.13. Additionally, this court concluded its discussion on ineffective assistance by holding: "Therefore, it is clear that petitioner's claim does not meet the prejudice prong of the Strickland test. Accordingly, petitioner's claim of ineffective assistance of counsel is dismissed." Id. at p.14.

This court references its previous ruling, and repeats for the benefit of petitioner that it is

the finding of this court that petitioner has not satisfied either prong of the Strickland test. Turning to the first prong of Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000). Furthermore, evaluating counsel's conduct in retrospect requires that "every effort be made to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

Here, although counsel mistakenly copied the wrong section of the U.S. Code and attached it to a letter sent to the petitioner, this single misstatement is insufficient when considered in the totality of representation to establish the first prong of Strickland, especially in light of the numerous indications that the defendant was aware of the charges against him. The charges were clearly listed in the indictment, they were discussed during the Rule 11 colloquy and again at sentencing. Furthermore, although petitioner's attorney mistakenly reported that petitioner may face an elevated mandatory minimum sentence if the government filed an information certifying a prior felony drug conviction, it is true that if such information was properly filed the statutory maximum would increase from 20 to 30 years. Thus, petitioner's ineffective assistance claim is dismissed for failure to establish deficient representation sufficient to meet the requirements of Strickland.

Even if this court found counsel's conduct to be sufficiently deficient to establish the first prong of Strickland, petitioner has failed to establish the prejudice prong of the test. When applying Strickland in the context of a guilty plea, the court must apply a modified prejudice test. Slavek v. Hinkle, 359 F. Supp. 2d 473, 491 (E.D. Va. 2005). The modified prejudice element

requires the petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Although the test is slightly modified, the analysis remains similar because the assessment "will depend in large part on the prediction of whether the evidence likely would have changed the outcome of a trial." Id.; see Reid v. True, 349 F.3d 788, 798 (4th Cir. 2003) (stating the prejudice inquiry "will often turn on an assessment of the likelihood of success of a particular investigation or strategy."). In making outcome predictions, a court should apply an objective standard; thus, the fundamental inquiry is whether a "reasonable defendant, properly counseled, would not have pled guilty and would have insisted on going to trial." Slavek, 359 F. Supp. 2d at 494; see Hill, 474 U.S. at 59.

     Here, petitioner has failed to establish that a reasonable defendant would not have pled guilty but instead insisted on going to trial. Petitioner not only stated under oath in front of this court that he was in fact guilty but he stated in his reply to the government's response to his § 2255 motion that he "doesn't wish to insult the court's intelligence by claiming actual innocence." Reply, p.8. The petitioner has presented no evidence that a reasonable defendant, in the petitioner's position, in light of the evidence the government had against him, would have insisted on going to trial. Furthermore, the defendant acknowledges that if he went to trial and was found guilty he would have likely received a sentence greater than what he received as a result of the guilty plea. Instead, petitioner merely relies on his personal preference to risk a significantly higher sentence as evidence that he would have insisted on a trial but for the single mistake his counsel made. Petitioner has failed to establish prejudice under Strickland and Hill, and therefore, the court denies petitioner's claim of ineffective assistance of counsel.

In summary, petitioner cannot demonstrate that any of the claims in his § 2255 petition were improperly denied on the basis of procedural default. As discussed in the order and opinion of July, 8, 2005, this court did not rely on procedural default to dismiss petitioner's claim that the United States breached the plea agreement. As discussed above, procedural default does not apply to ineffective assistance of counsel claims but rather the court must apply the Strickland test. This court found in its order and opinion of June, 15, 2005, and again finds today that under Strickland, the petitioner has failed to establish incompetent representation or prejudice and therefore, petitioner's motion to reconsider is denied.

**B. Petitioner's application for a Certificate of Appealability and motion to proceed in forma pauperis.**

In addition to petitioner's request for relief under FED. R. CIV. P. 60(b), petitioner requests a certificate of appealability to bring a consolidated appeal of this court's orders of June 15, 2005, and July 8, 2005. This court previously declined to issue a Certificate of Appealability in its order and opinion dated June 15, 2005. Because this court finds no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.

In order to obtain the right to appeal, as mandated by statute, a petitioner must first obtain a certificate of appealability ("COA") from a circuit justice or judge. 28 U.S.C. § 2253. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Furthermore, "§ 2253(c) permits the issuance of a COA only where a petitioner has made a substantial showing of the denial of a constitutional right." Id. The controlling standard requires

a petitioner to establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 481 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

This court, after completing an "overview" and "general assessment" of petitioner's claims for the third time finds that there was no substantial showing of the denial of a constitutional right. There can be no reasonable debate over the fact that petitioner has never contended that he is innocent of the crime for which he was sentenced. Furthermore, the result of his plea of guilty for the crime he freely admits he committed subjected him to a shorter sentence then he would otherwise face. Finally, the detailed Rule 11 colloquy was sufficient to remedy the lone mistake that the petitioner's counsel made relating to petitioner's sentence. For these reasons, a certificate of appealability is denied.

Although this court finds that petitioner has not made the requisite showing to obtain a certificate of appealability, this court grants petitioner's motion to proceed in forma pauperis. The petitioner has filed notice to appeal the denial of his § 2255 motion and Rule 59(e) motion. This court, having reviewed and considered the petitioner's memoranda, affidavit, and inmate account balance and history, finds the appeal is not frivolous, that a substantial question is presented, and that petitioner does not have the ability to pay.

## III. Conclusion

For the reasons discussed above, petitioner's Motion to Reconsider and motion for certificate of appealability are **DENIED**. The petitioner's motion to proceed in forma pauperis is

**GRANTED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510 .

The petitioner has already been advised of his right to appeal the denial of his § 2255 petition and the petitioner has in fact filed a notice to appeal both the denial of his § 2255 petition and the denial of his Rule 59(e) motion for reconsideration. However, to reiterate, the petitioner is **ADVISED** that he may appeal from this final Order denying his petition for reconsideration by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of the Order denying his petition.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

September 28th, 2005
Norfolk, Virginia